UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MICHELE FERRARO,<br><br>Plaintiff,<br><br>v.<br><br>SEAN REYES; DEANNA DAWN RUNYAN-WALL; and CORY ROBERT WALL,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915**<br><br>Case No. 2:24-cv-00245<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Michele Ferraro filed this action without an attorney and without paying a filing fee.[1] After screening Ms. Ferraro's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court invited Ms. Ferraro to file an amended complaint[2] and noted that failure to do so could result in dismissal of this action.[3] Ms. Ferraro did not file an amended complaint by the deadline in the court's order or anytime thereafter. Because Ms. Ferraro's complaint fails to state any plausible federal claim for relief, her allegations fail to establish this court's jurisdiction over state-law claims she may be attempting to assert, and further opportunities to amend would be futile, the

---

[1] (*See* Compl., Doc. No. 8; Order Granting Second Mot. to Proceed In Forma Pauperis, Den. as Moot First Mot. to Proceed In Forma Pauperis, and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 7.)

[2] (*See* Mem. Decision and Order Permitting Am. Compl., Doc. No. 11.)

[3] (*Id.* at 7.)

1

undersigned[4] recommends the district judge dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[5]  In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6]  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7]  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8]  But the court need not accept the plaintiff's conclusory allegations as true.[9]  "[A] plaintiff must offer specific factual allegations to support each claim."[10]  This court also

---

[4] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 8.)

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[11]

Because Ms. Ferraro proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[14]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[15] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

---

[11] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Ms. Ferraro's complaint consists of a ten-page typed document entitled "Forensic Analysis" and a thirty-six-page typed document entitled "The Forest Through the Trees."[17] These documents contain a laundry list of grievances against numerous individuals and entities, as well as extensive discussion of Ms. Ferraro's views on various current events, political issues, and societal problems. As explained below, the complaint is largely unintelligible and fails to state any cognizable claim for relief under federal law. To the extent Ms. Ferraro may be attempting to assert claims arising under state law, she fails to establish any basis for this court to exercise jurisdiction over such claims. Accordingly, the complaint must be dismissed.

As an initial matter, Ms. Ferraro fails to adequately identify who she is suing. Her complaint lacks a caption, and it does not specifically identify any of the numerous individuals or entities mentioned in it as defendants. Adding to the confusion, Ms. Ferraro's civil cover sheet lists the defendants as Deanna Dawn Runyan-Wall and Cory Robert Wall,[18] but her accompanying motion to proceed without paying the filing fee lists the defendant as Utah State Attorney General Sean Reyes.[19] Because these three individuals are named as defendants in the documents accompanying the complaint, Ms. Ferraro's specific allegations regarding these individuals are addressed below.

---

[17] (*See* Compl., Doc. No. 8 ("Forensic Analysis") & Doc. No. 9 ("The Forest Through the Trees").) This order refers to these documents collectively as the complaint.

[18] (*See* Civil Cover Sheet, Doc. No. 8-2.)

[19] (*See* Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs, Doc. No. 1.)

According to the complaint, Ms. Runyan-Wall is Ms. Ferraro's sister and Mr. Wall is Ms. Runyan-Wall's husband.[20] Ms. Ferraro outlines a long history of family disputes involving her sister and brother-in-law, but the crux of her complaint against them appears to be her allegation that they conspired to convince her father to change his will and exclude her from it.[21] She also alleges Ms. Runyan-Wall advised Ms. Ferraro's daughter regarding filing a restraining order against her.[22] None of these allegations state a cognizable claim under federal law.

The only mention of Attorney General Reyes in Ms. Ferraro's complaint is her allegation that he sent an attorney "to pretend he was volunteering to help" her at a legal clinic run by the Utah State Bar.[23] This allegation also fails to state a claim under federal law. Ms. Ferraro does not explain how she was harmed or what federal rights were violated.

To the extent Ms. Ferraro may be attempting to challenge her father's will or assert state-law tort claims against anyone else named in the complaint,[24] her allegations fail to establish this court's jurisdiction over such claims. "[C]laims involving probate or the administration of a decedent's estate fall outside the scope of federal

---

[20] (Compl., Doc. No. 8 at 1.)

[21] (*See id.* at 1–2, 7, 9.)

[22] (*Id.* at 2.)

[23] (*Id.* at 5–6.)

[24] For example, she alleges various mental health providers have misdiagnosed her or attempted to harm her. (*See id.* at 9.)

jurisdiction."[25]  And Ms. Ferraro has not alleged facts supporting diversity jurisdiction over any potential tort claims arising under state law.[26]

In sum, Ms. Ferraro's complaint fails to state any cognizable federal claim, and her allegations fail to establish this court's jurisdiction over any state-law claims she may be attempting to assert.  For these reasons, the complaint must be dismissed.[27]  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[28]  The court previously identified the deficiencies described above and permitted Ms. Ferraro to amend her complaint to correct them,[29] but she failed to do so.  Therefore, further opportunities to amend would be futile, and dismissal is necessary.

## RECOMMENDATION

Because Ms. Ferraro's complaint fails to state any plausible federal claim for relief, her allegations fail to establish this court's jurisdiction over state-law claims she

---

[25] *Coeur v. Pearson*, No. 2:17-cv-1156, 2018 U.S. Dist. LEXIS 126372, at *5 (D. Utah June 29, 2018) (unpublished) (internal quotation marks omitted).

[26] Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy over $75,000 and complete diversity of citizenship, meaning "the citizenship of all defendants must be different from the citizenship of all plaintiffs."  *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008).  As noted above, Ms. Ferraro has not adequately identified the defendants, let alone their citizenship.

[27] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[28] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[29] (*See* Mem. Decision and Order Permitting Am. Compl., Doc. No. 11.)

may be attempting to assert, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court will send this Report and Recommendation to Ms. Ferraro, who is notified of her right to object to it.  Any objection must be filed within fourteen days of service.[30]  Failure to object may be considered a waiver of objections.

DATED this 15th day of July, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[30] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).